FISCHER, Respondent, v. MEYER'S ADMINISTRATRIX, Appellant.

1. A. executed a promissory note to B. and C., who endorsed the same, and the same was transferred to D.; A. at the same time executed a deed of trust to B. and C., to secure them against their liability upon said note. The trustee, under the deed of trust, took possession of the trust property, and the proceeds of the sale of the same were more than sufficient to pay the promissory note. They were not however applied to the payment thereof. *Held*, that whether D. had knowledge of the proceedings under the deed of trust or not, the liability of C. to D. was not thereby discharged.

*Appeal from St. Louis Court of Common Pleas.*

The following facts appeared in evidence on the trial of this cause. One Strattman sold a grocery store and stock to Klute and Meyer, who immediately sold the same to one Kleeburg, in accordance with a previous understanding to that effect. For the purpose of raising money to pay Strattman, Kleeburg executed a promissory note for $800, which was endorsed by Klute and Meyer; and the said $800 were advanced by Fischer, the plaintiff, to Kleeburg, and were by him paid to Strattman. At the time of the sale and the execution of the note aforesaid, Kleeburg executed a deed of trust of said grocery, and the stock of groceries therein, to secure Klute and Meyer against their liability as endorsers upon said note. The trustee, under this deed of trust, entered into possession of said trust property, and made a sale thereof, the proceeds of which were more than sufficient to pay said promissory note. The evidence

tended to show that the trustee took possession and made the sale of the trust property at the request of Klute or of Klute and Meyer, and that the proceeds of the sale were paid over to said Klute. Said proceeds were not applied to the payment of the note held by plaintiff Fischer. The sale by the trustee took place before the maturity of said note. This suit was originally commenced on said promissory note against Kleeburg and against Klute and Meyer's administratrix. The suit was dismissed as to Kleeburg and Klute.

The following instructions were given by the court on its own motion : " 1. Under the pleadings in this cause, the plaintiff is entitled to recover, unless the defendant has shown to the satisfaction of the jury that the said note had been paid to the plaintiff. 2. If the note sued on is the same mentioned in the deed of trust read in evidence, and if the trustee, acting under the direction of Klute and Meyer, took possession of the property described in the deed of trust before the maturity of the note, and sold the same, and either paid over the proceeds of the sale to Klute and Meyer, or retained the same, then the said note has not been paid to the plaintiff, and the defendant is liable. 3. If the jury find from the evidence that the said trustee took possession of said property, sold the same, and received the proceeds thereof, under the direction of and for the plaintiff, in order to pay the note sued on, and that the proceeds of said sale were sufficient to pay said note, then the defendant is not liable to the plaintiff in this action. 4. If the jury find for the plaintiff, they should assess the damages at the amount of the note, together with four per cent. added, and interest on the aggregate sum at the rate of six per cent. per annum from the 20th of November, 1854, to the present time, if said note was actually *negotiable* [?] after the same was executed."

The defendant asked the court to give the following instructions, which were refused : " 1. If the jury find from the evidence that before the sale by Bertram Kribben, trustee, all of the debts secured by the deed of trust read in evidence, except

the note sued on, were paid, that the property mentioned in said deed of trust was sold by said trustee with the knowledge of the plaintiff, and that the amount realized from said trust sale was more than nine hundred dollars, the plaintiff can not recover in this case. 2. If the jury find from the evidence that Bertram Kribben, the trustee in the deed of trust read in evidence, with the knowledge and approbation of the plaintiff, sold the property described in said deed of trust, and as such trustee received the proceeds arising from said sale, and that the money so received by said trustee was sufficient to pay the cost of executing said trust, and the amount of indebtedness secured by said deed of trust, and [which] remained unpaid at the time of such sale, then they will find for the defendant."

*S. H. Gardner*, for appellant.

*Kribben*, for respondent.

Scott, Judge, delivered the opinion of the court.

This may be a hard case on the defendant, but we see no cause of complaint that she has against the plaintiff. If those in whom her intestate confided have abused his confidence, that furnishes no reason why the plaintiff should be visited with the consequences of their misdeeds. The evidence in the case does not show that the plaintiff was in any way connected with the deed of trust. It was not given for his security, and he was in no way concerned with it. He relied on the defendant's intestate and Klute for the ultimate payment of his debt, and they took the deed of trust as their indemnity for the endorsement of the note of Kleeburg. If their indemnity has failed without the fault of the plaintiff, why should he be deprived of his debt? We do not see how the fact that Myer, the intestate, and Klute, were accommodation endorsers of Kleeburg, if they were such, affects this transaction. But they were interested in the arrangement. They had purchased the grocery store of Strattan, and sold it immediately to Kleeburg; and, to enable him to pay the debt they owed to Strattan, lent him their names as endorsers on the note given by Kleeburg to the

plaintiff for the money loaned to him, which is the note on which this suit is brought.

Some stress was laid on the circumstance that the note was left with Kribben, the attorney of the plaintiff in this suit, and from that fact it is maintained that he was the attorney and agent of the plaintiffs, with full knowledge of all that was done in closing the trust under the deed. If the plaintiff had left the note with Kribben, we do not see how that can affect him. The note was not due; he could not have brought suit upon it; and if left with him it must have been as a mere depositary. But Kleeburg says he left the note with Kribben, and it is afterwards found in the possession of another witness in the cause. So that all that was done in closing the deed of trust was done without the knowledge or consent of the plaintiff. Indeed, the plaintiff had no authority to interfere, for the deed was not made for his indemnity, although a state of things might have arisen which would have entitled him to the advantage secured by it to the endorsers of the note.

With these observations we submit that the instructions given by the court below were not erroneous. The instructions asked by the defendant were properly refused. The knowledge of the plaintiff, even if he had any, which does not appear, of the proceedings under the deed of trust can not affect him. Nothing was done by the trustees and those secured by the trust but what they had a right to do by the terms of the deed. Had the plaintiff interfered and the debt been lost by such interference, the endorsers might have been discharged. The deed gave them power to have the property, if they deemed it advisable, taken and sold for their security before the debt was due to the plaintiff. Having this power, we do not see how his approbation, had any been given, would have altered the case. The trustee and *cestui que trust* acted as they had a right to do, and having so acted, if, by any means the proceeds of the trust sale were lost to the intestate of the defendant, the plaintiff can not be made the sufferer by it. There was no error in the

7—VOL. XXIV.

instruction as to the four per cent. damages, the note being in the terms of the statute, and having been endorsed.

The final judgment for the costs was given against the plaintiff; so all error on this score is taken away, whatever may have been previously entered on the record.

The judgment is affirmed; the other judges concurring.